IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL LEE KING,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 2:22-cv-00149

DCR/SCRJ and LT. JABURS TERRY,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court for initial screening is Plaintiff's Complaint (ECF No. 1).

### I.　STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id*. at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Defendants have not been served with process and should not be required to appear or defend this matter.

## II. ALLEGATIONS IN COMPLAINT

The instant complaint alleges that Plaintiff's personal property was lost while he was incarcerated at the South Central Regional Jail ("SCRJ") in Charleston, West Virginia. The complaint lists the following items in the complaint:

Pants – Size 40 Buckle Jeans - $150.00
Shirt – Size 2XL Buckle Shirt - $55.00
Socks – 1 pair of Nike socks - $13.00
Boxers – 1 pair of 2XL Polo boxers - $21.00
Shoes – 1 pair of 8.5 Retro Jordans - $275.00
Belt – 1 Gucci leather belt - $115.00
Hat – 1 Gucci hat - $65.00
Jewelry – 1 pair of quarter cut diamond earrings - $300.00
Phone – 1 iPhone 10 - $950.00

  TOTAL:  $1825.00 [sic; $1944.00]

Plaintiff, who at the time of filing his complaint was incarcerated at the Northern Regional Jail, seeks monetary reimbursement for his property. Plaintiff's complaint contains no specific allegations about the violation of any of his constitutional rights or other federal laws or any specific conduct by individual defendants, including Lt. Jaburs Terry.

### III. ANALYSIS

*A. The DOCR and SCRJ are not proper defendants.*

Plaintiff has named the West Virginia Division of Corrections and Rehabilitation ("DCR") and "South Central Regional Jail" ("SCRJ") as defendants herein. However, both of these defendants are non-suable state agencies or entities.

Plaintiff's claims against the Defendants are construed to be brought under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, § 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a § 1983 claim, "a plaintiff must allege the violation of <u>a right secured by the Constitution and laws of the United States</u> and must show that the alleged deprivation was committed by <u>a person acting under color of state law</u>." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

4

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent or waiver by statute, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). These narrow exceptions to Eleventh Amendment immunity do not exist in this case. *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248-49 (4th Cir. 2012). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the DCR and SCRJ are not persons who can be sued under § 1983 and are further immune from suit under the Eleventh Amendment.

  B. *Claim against Lt. Jaburs Terry.*

Plaintiff names Lt. Jaburs Terry ("Terry") as an individual defendant and appears to be attempting to hold Terry liable for the alleged loss or deprivation of his personal property, which can be liberally construed to be raising a claim grounded in the Due Process Clause of the Fourteenth Amendment. It is well-settled that "[p]risoners . . . may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (internal citations omitted).

However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Moreover, "[f]or intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post[-]deprivation remedy." *Id.*; *see also Golosow v. Rubenstein*, No. 2:10-cv-71, 2010 WL 5232943, at *2 (N.D.W. Va. Aug. 6, 2010), *report and recommendation adopted*, No. 2:10-cv-71, 2010 WL 5232941 (N.D.W. Va. Dec. 16, 2010).

The first state law process available to Plaintiff was the prison grievance process. Plaintiff's complaint suggests that he he filed a grievance, but he does not indicate that he exhausted all levels thereof or the results of that process.  (ECF No. 2 at 3). Additionally, West Virginia common law provides for a tort cause of action for conversion of personal property, as well as negligence, which is not actionable under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *Nwaokocha v. Sadowski*, 369 F. Supp.2d 362, 370 (E.D.N.Y. 2005) (holding that "negligently misplacing an inmate's property does not establish a denial of due process.").

Moreover, the West Virginia Legislature has created a Legislative Claims Commission, through which Plaintiff could pursue monetary relief for the jail's loss of his personal property, but he does not allege whether he pursued such relief.  *See* W. Va. Code §§ 14-2-1 *et seq.*  All these avenues provide Plaintiff with an adequate post-deprivation remedy.  *See Woody v. W. Va. Div. of Corr. & Rehab.*, No. 2:18-cv-01362,

2022 WL 3571912, at *6 (S.D.W. Va. July 12, 2022), *report and recommendation adopted sub nom. Woody v. S. Cent. Reg'l Jail Auth.*, No. 2:18-cv-01362, 2022 WL 3570346 (S.D.W. Va. Aug. 18, 2022 (dismissing due process claim concerning deprivation of inmate property where no demonstration of absence of state process allowing recovery); *Smith v. W. Reg'l Jail & Corr. Facility*, No. 3:20-cv-00783, 2020 WL 8459000, at *3 (S.D.W. Va. Dec. 4, 2020), *report and recommendation adopted sub nom. Smith v. W. Reg'l Jail*, 2021 WL 411515 (S.D.W. Va. Feb. 5, 2021) (same); *Wilson v. United States*, 332 F.R.D. 505, 526 (S.D.W. Va. 2019) ("The ability to file state court claims for conversion and the availability of inmate grievance processes have been held to constitute meaningful post-deprivation remedies."); *Goodman v. Ramey*, No. 2:12-cv-0439, 2012 WL 5966642, at *4 (S.D.W. Va. Nov. 29, 2012) (holding that an inmate failed to state a constitutional claim for the loss of his property when he could have challenged the taking "in a garden-variety tort claim in state court."); *see also Cooper v. Wright*, No. 7:15-cv-00572, 2016 WL 7165994, at *4 (W.D. Va. Dec. 6, 2016) (holding that prisoner failed to demonstrate that post-deprivation remedies were not available when grievance procedures addressed the issue); *Whitehead v. Beard*, No. 04-cv-1853, 2006 WL 891053, at *8 (E.D. Pa. Mar. 30, 2006) ("The Third Circuit has held that the DOC's prison grievance procedure provides an adequate post-deprivation of property remedy.").

At best, Plaintiff alleges an unauthorized deprivation of his property, and the complaint does not allege whether he attempted to exhaust any of the State's available post-deprivation remedies or that such remedies were absent or unavailable. Therefore, he cannot establish that his property was not taken without due process and his complaint fails to state a claim upon which relief can be granted.

## IV.     RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a claim upon which relief can be granted.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's complaint (ECF No. 1) and this civil action, pursuant to the provisions of 28 U.S.C. § 1915A.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

November 16, 2022

Dwane L. Tinsley
United States Magistrate Judge